[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13336
_____

D.C. Docket No. 1:14-cv-24371-RNS


HAROLD MAX POMPEE,

                                                              Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                              Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2018)

Before ED CARNES, Chief Judge, MARCUS, and EBEL,[*] Circuit Judges.

PER CURIAM:

_____
[*] Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Harold Max Pompee appeals the district court's denial of his 28 U.S.C. § 2254 petition. Pompee, who is mentally ill, alleges that his trial counsel was ineffective for failing to ask for another competency hearing before he entered his guilty plea.

## I.    FACTS AND PROCEDURAL HISTORY

Pompee committed two armed robberies in Miami, Florida, in September 2010. He was arrested and charged with both armed robbery and unlawfully discharging a firearm in public in two separate cases. After the State filed those charges, the public defender's office referred Pompee for a psychological evaluation. A doctor diagnosed him with schizoaffective disorder, which is a cyclical psychotic illness. The doctor recommended that Pompee receive treatment and medication to manage his hallucinations and depressive symptoms. He was later placed on medication, which changed over the course of his psychological treatment.

Between September 2011 and March 2013, Pompee underwent ten court-ordered competency evaluations by five different doctors. He underwent the first two evaluations in September 2011 and the doctors found him incompetent. The court entered an order in October 2011 adjudicating him incompetent to stand trial and requiring that he receive further treatment. Pompee was admitted to a treatment center, where a doctor examined him on October 27, 2011, and noted

2

that he could be malingering because he denied knowing the meaning of simple words and exaggerated his memory loss.

Pompee underwent three more evaluations between November 2011 and January 2012 and the doctors found him competent in all three; in February 2012 the court entered an order to that effect.  In June 2012, the court ordered another evaluation and the doctor found him incompetent, which led to the court adjudicating him incompetent to stand trial at that time.

In September 2012, Pompee underwent three more evaluations and in each of them the doctors found him competent to stand trial.  At a hearing in October 2012, after all three of those doctors testified that he was malingering and competent to proceed, the court adjudicated him competent to stand trial.  In February 2013, the court set a final competency hearing for March 11 and scheduled trials for both cases on that same day.

Pompee underwent his final competency evaluation on March 7, 2013, just four days before his scheduled trial date.  After reviewing his background, prior psychological treatment, and current medication, the doctor determined that he appeared "well medicated, stabilized, and cognizant" of the charges he faced.  The doctor also concluded that his responses appeared "to be consistent with an attempt to appear severely cognitively impaired due to the severity of his charges and in an attempt to avoid the potential repercussions of his behavior."  The doctor found

3

that he was competent to stand trial, and her competency evaluation report was filed in open court on March 11, 2013.

Pompee faced a mandatory minimum sentence of 20 years and a maximum of life imprisonment on the armed robbery charges in each case. He chose instead to plead guilty in return for ten-year terms of imprisonment in each case. Right after the plea hearing began, Pompee questioned the court about his potential sentence, attempted to negotiate a lower sentence, asked if he could receive two years on probation, and inquired about his anticipated release date.

After responding to Pompee's questions, the court asked whether he had taken any medications that day. He denied taking any, but when questioned further stated that he had taken medication at the hospital. Pompee also said that he did not understand what was happening, but after the court made clear that Pompee could either take the plea or go to trial, he affirmed several times that he understood his charges and the conditions of his guilty plea. After consulting with his attorney, he confirmed again that he understood the conditions of his plea and the rights he was giving up. He reiterated that he wanted to plead guilty.

The court found that Pompee had entered into a knowing and voluntary plea and understood the nature and consequences of the plea. It found him guilty in both cases and sentenced him to concurrent ten-year sentences.

4

Pompee sought postconviction relief in Florida state court. Pompee v. State, 150 So. 3d 1158 (Fla. 3d DCA 2014). After that did not succeed, in November of 2014 he filed the pro se § 2254 petition involved in this appeal. Pompee's petition claimed that trial counsel had rendered ineffective assistance by failing to request another competency hearing before he pleaded guilty. The district court denied his petition on the merits. Pompee appealed, and a judge of this Court granted a certificate of appealability on the following issue: Whether Pompee was denied constitutionally effective assistance of counsel because of counsel's failure to request another competency hearing. He was appointed counsel to represent him in this appeal.

## II.    STANDARD OF REVIEW

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Maharaj v. Sec'y for the Dep't of Corr., 432 F.3d 1292, 1308 (11th Cir. 2005). "An ineffective assistance of counsel claim is a mixed question of law and fact subject to de novo review." Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010). Pompee did not raise his ineffective assistance claim in state court, so we review that claim without any AEDPA deference.[1] Lawrence v. Sec'y, Fla. Dep't of Corr., 700 F.3d 464, 481 (11th Cir. 2012).

---

[1] Pompee concedes that his ineffective assistance claim is procedurally defaulted because

5

## III.    DISCUSSION

"The Sixth Amendment secures to a defendant who faces incarceration the right to [effective] counsel at all critical stages of the criminal process," and a "plea hearing qualifies as a critical stage." Iowa v. Tovar, 541 U.S. 77, 87, 124 S. Ct. 1379, 1387 (2004) (quotation marks omitted); see also Chatom v. White, 858 F.2d 1479, 1484 (11th Cir. 1988). Pompee contends that the district court erred in rejecting his claim because a reasonable attorney would have asked for another competency hearing before he pleaded guilty and his attorney's failure to do so prejudiced him.

"The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting mentally incompetent defendants." Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995). The standard for competence to plead guilty is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396, 402, 113 S. Ct. 2680, 2685, 2688 (1993) (quotation marks omitted). Pompee's mental illness alone is not enough to establish that he was

---

he did not properly raise it in state court, but he argues that he can show cause and prejudice to excuse that procedural default. Because his petition fails on the merits, we decline to address the procedural bar issue. See DeYoung v. Schofield, 609 F.3d 1260, 1283 n.22 (11th Cir. 2010) ("Rather than wade through [the] complexities [of the procedural bar issue], we discuss the merits of [the] claims, as that alone resolves the case.").

incompetent to plead guilty.  See Medina, 59 F.3d at 1107 ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.") (quotation marks and alterations omitted); Bolius v. Wainwright, 597 F.2d 986, 990 (5th Cir. 1979) ("[T]he mere presence of mental illness or other mental disability at the time [the defendant] entered his plea does not necessarily mean that he was incompetent to plead . . . .").

Pompee does not allege that he was incompetent when he pleaded guilty. Instead, he argues that his trial counsel was ineffective because she failed to request another competency hearing before he pleaded guilty.  See Johnston v. Singletary, 162 F.3d 630, 635 (11th Cir. 1998) ("[U]nder certain circumstances, trial counsel's failure to apprise the court of a client's changing mental state — thereby depriving the court of critical information regarding its own potential duty to hold a Pate v. Robinson hearing — can constitute ineffective assistance.").[2]

A showing of both deficient performance and prejudice is required to establish an ineffective assistance claim.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  To establish deficient performance of the type he claims, Pompee must show that his counsel failed to bring "information raising

_____

[2] The Supreme Court held in Pate that where "the evidence raises a bona fide doubt as to a defendant's competence to stand trial, the judge on his own motion must . . . conduct a [competency hearing]."  383 U.S. 375, 385, 86 S. Ct. 836, 842 (1966) (quotation marks omitted).

a bona fide doubt as to [his] competency" to the trial court's attention when every reasonable attorney would have done so.  James v. Singletary, 957 F.2d 1562, 1570 (11th Cir. 1992).  And to establish prejudice, he must show that "there was a reasonable probability that he would have received a competency hearing and been found incompetent had counsel requested the hearing."  Lawrence, 700 F.3d at 479.  He has not, and cannot, meet either of those requirements.

## A.    Deficient Performance

The "defendant's attorney is in the best position to determine whether the defendant's competency is suspect," which means that the failure of Pompee's counsel "to raise the competency issue at [the plea hearing], while not dispositive, is evidence that [his] competency was not really in doubt and there was no need for a Pate hearing."  Watts v. Singletary, 87 F.3d 1282, 1288 (11th Cir. 1996).  Pompee argues that several facts should have given his attorney reason to doubt his competence:  (1) his history of mental illness, (2) his history of irrational behavior (such as suicide attempts), and (3) his statement at the plea hearing that he did not understand what was happening.

That argument fails.  To begin with, there is no evidence that Pompee's counsel deprived the court of any information related to his mental health.  See Johnston, 162 F.3d at 635 (stating that trial counsel may render ineffective assistance where she deprives "the court of critical information regarding its own

potential duty" to hold a competency hearing); see also Burt v. Uchtman, 422 F.3d 557, 568–69 (7th Cir. 2005) ("The failure by defense counsel to investigate apparent problems with a defendant's mental health may be deficient performance as defined by the first prong of Strickland."). Instead, the record shows that the trial court was well aware of Pompee's history of mental illness and irrational behavior. It knew everything that trial counsel knew.

And there was a lot to know. During the year and a half from September 2011 through March 2013, Pompee underwent ten competency evaluations from five different doctors; all of those evaluations contained detailed information about his mental illness, history of irrational behavior, and competence to stand trial. The court held four competency hearings between October 2011 and October 2012 in which it reviewed the evaluations of experts and entered four separate adjudications about whether Pompee was competent to stand trial. Not only that, but the court also ordered that Pompee undergo one final competency evaluation just days before his March 11, 2013 trial date. The doctor evaluated Pompee on March 7, determined that he was competent, and her report was filed in open court on March 11, the day Pompee pleaded guilty.[3]

---

[3] Pompee argues that the change in his medicine after his final competency hearing on October 22, 2012, but before his plea on March 11, 2013, was a red flag that should have alerted his counsel to the need for another competency hearing. But the doctor who examined him on March 7, 2013, took his latest medication into account when assessing his competency and found that he was competent. The "fact that [he was taking] anti-psychotic drugs [did] not per se render him incompetent to stand trial." See Medina, 59 F.3d at 1107.

Those facts show that the court was familiar with Pompee's mental illness and history of irrational behavior and that his counsel did not withhold any information from the court. Cf. Burt, 422 F.3d at 567–68 (concluding that counsel performed deficiently where they "were aware of several pieces of information beyond what was available to the trial court that should have alerted them to the need for a new competency hearing") (emphasis added). His counsel did not render deficient performance by failing to ask for yet another competency hearing just four days after he was found competent to stand trial in the last evaluation that was conducted. See Johnston, 162 F.3d at 635.

Pompee's statements during the plea hearing also would not have alerted a reasonable attorney to the need for another competency hearing. He did express confusion about his medication and state that he did not understand what was going on, but those isolated statements do not show that he was incompetent to stand trial. See Thompson v. Wainwright, 787 F.2d 1447, 1458 (11th Cir. 1986) (concluding that the trial court was not required to inquire further into the defendant's competency because "one incorrect response" at a plea hearing "hardly indicates that [the defendant] was incompetent," and noting that the defendant "correctly answered numerous questions from the judge"). The plea hearing transcript shows that Pompee tried to negotiate a lower sentence, asked whether he could appeal his sentence, and was satisfied with his counsel's representation.

10

Pompee confirmed that he understood the rights he was giving up by pleading guilty and repeatedly confirmed that he understood the conditions and effect of his plea.  See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

What happened during the plea hearing and the totality of Pompee's statements during it show that he had a rational understanding of the proceedings against him and, as a result, counsel did not act unreasonably in failing to ask for another competency hearing.  Godinez, 509 U.S. at 396–99, 402, 113 S. Ct. at 2685–86, 2688; see also Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) ("The best evidence of [the defendant's] mental state at the time of trial is the evidence of his behavior around that time, especially the evidence of how he related to and communicated with others then.").

Because Pompee cannot show that his counsel failed to bring to the court's attention "information raising a bona fide doubt as to [his] competency," James, 957 F.2d at 1570, he cannot establish deficient performance.  That failure is enough to defeat his claim, and there is more.

### B.     Prejudice

Even if Pompee could show that his counsel's performance was deficient, he cannot establish prejudice.  He must show that "there was a reasonable probability that he would have received a competency hearing and been found incompetent

11

had counsel requested the hearing."[4] <u>Lawrence</u>, 700 F.3d at 479. He cannot make either showing.

There is no evidence that the court would have held a competency hearing had Pompee's counsel requested one. The plea hearing transcript indicates that the court did not doubt Pompee's competency; the court repeatedly told him that he either had to plead guilty or go to trial, and it refused to put off the plea for another day. The court also told Pompee that it wanted him to "drop [the] façade" of incompetence and "[s]top the pretending," which further shows that it would not have been open to delaying proceedings for another competency hearing. The competency evaluations supported the court's belief that Pompee was pretending, as did the conclusions of several doctors that he was feigning and exaggerating his symptoms to avoid facing his charges. And even if the court had held another hearing, there is no reasonable probability that Pompee would have been found incompetent. Three different doctors found him competent in September 2012, another doctor found him competent only four days before the plea, and there is no evidence that his competency changed in the four-day interim between that final

_____

[4] The typical standard for establishing prejudice in the guilty plea context is to "show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." <u>Diveroli v. United States</u>, 803 F.3d 1258, 1263 (11th Cir. 2015) (quotation marks omitted). Even if that standard applies, Pompee cannot satisfy it. He was facing a 20-year to life sentence in each case, and under the guilty plea he received only two 10-year, concurrent sentences. There is no reason to believe that he would have refused to plead guilty if only his counsel had requested another competency hearing.

evaluation and the plea hearing.  As a result, he cannot establish that any alleged

deficient performance prejudiced him.

Because Pompee cannot establish deficient performance or prejudice, the

district court did not err in denying his § 2254 petition.[5]

**AFFIRMED.** [6]

---

[5] Pompee has also filed a "Notice of Appeal for Action," which asks us to hear this appeal; we **DENY** it as moot.

[6] We thank the Georgetown University Law Center Appellate Litigation Program for representing Pompee in this appeal.  The clinic in its brief, and third-year law student Nicole Pacheco at oral argument, did as good of a job as possible in an appeal about as hopeless as they come.